UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANE BRUCE,<br>    **Plaintiff** | CIVIL ACTION |
| **VERSUS** | NO. 18-2626 |
| BP P.L.C., et al.,<br>    **Defendants** | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court are a Motion to Reconsider, filed April 2, 2024,[1] and a Motion for Stay of Execution Till Disclosures, filed April 4, 2024,[2] by Plaintiff, Shane Bruce. Plaintiff seeks relief from this Court's March 28, 2024, Order & Reasons[3] granting Defendants' Motion to Dismiss and the subsequent March 25, 2024, final Judgment[4] in favor of Defendants as to all claims. The background of this case is fully set out in the Court's Order & Reasons.

The Court evaluates Plaintiff's Motion to Reconsider as a timely motion to alter or amend a final judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Court construes Plaintiff's "Motion for Stay of Execution Till Disclosures" as a motion for relief from a judgment or order under Rule 60 of the Federal Rules of Civil Procedure. The Court also considers the several memorandums and corrections filed by Plaintiff in support of the motions.[5]

---

[1] R. Doc. 73.
[2] R. Doc. 76.
[3] R. Doc. 71.
[4] R. Doc. 72.
[5] R. Docs. 74, 75, 77.

I. **Plaintiff's Motion to Reconsider will be denied.**

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[6] "Reconsideration is an extraordinary remedy that must be used sparingly,"[7] and at no point may it be used to "re-urge matters that have already been advanced by a party."[8]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[9]

In this case Plaintiff has not demonstrated any of the factors above.[10] Plaintiff does not establish there has been a manifest error of law or fact, present newly discovered evidence, demonstrate a manifest injustice, or identify an intervening change in the controlling law. Many of Plaintiff's arguments are directed at court orders from related litigation in Tennessee. Elsewhere, Plaintiff reiterates arguments previously made throughout the litigation in this Court and repeatedly characterizes the Court's Order & Reasons as "absurd."[11] Because

---

[6] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[7] *Lightfoot v. Hartford Fire Ins. Co.*, CIV.A. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012)
[8] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F.Supp.2d 538, 539 (E.D. Tex.2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir.1990)).
[9] *Castrillo*, 2010 WL 1424398, at *4.
[10] *See generally* R. Doc. 73.
[11] *See id.* at pp. 5–7, 9–11.

Plaintiff has not shown that reconsideration under Rule 59(e) is warranted, the Motion to Reconsider will be denied.

### II. Plaintiff's Rule 60 motion for relief from the Court's judgment will be denied.

Under Rule 60(b), the Court may "relieve a party from a final judgment, order, or proceeding" for one of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[12]

Plaintiff's motion suggests that his "relatives [may have] interfere[d] with [his] processes and case,"[13] seemingly making an argument that he is entitled to relief because of some kind of fraud under Rule 60(b)(3).

"Fraud on the court is a 'narrow concept' and 'should embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetuated by officers of the court so that the judicial machinery cannot perform in the usual manner.'"[14] "The standard for 'fraud on the court' is [] demanding. '[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court.'"[15]

---

[12] FED. R. CIV. P. 60(b).
[13] R. Doc. 76 at p. 1.
[14] *Matter of Teon Maria, LLC*, No. CV 10-2828, 2021 WL 124553 at *1 (E.D. La. Jan. 13, 2021) (quoting *Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989))
[15] *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978)).

Although Plaintiff mentions several relatives and speculates about their relation to others involved in this case, he describes no bribery, no fabrication of evidence, and no other egregious misconduct "perpetuated by officers of the court." Plaintiff's allegations, therefore, fail to satisfy the "narrow concept" of fraud required for application of Rule 60(d)(3). Accordingly, the motion will be denied.

## CONCLUSION

Plaintiff has made no argument that would merit the Court reconsidering its March 18, 2024 Order & Reasons or granting Plaintiff relief from its March 25, 2024 Judgment. Accordingly;

**IT IS ORDERED** that Plaintiff's Motion to Reconsider[16] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Stay of Execution Till Disclosures[17] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order to Plaintiff by regular mail at the address listed below.

**New Orleans, Louisiana, this 11th day of April, 2024.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

**Clerk to notify via regular mail:**
Shane Bruce
313 W. Prospect St
LaFollette, TN 37766

---

[16] R. Doc. 73.
[17] R. Doc. 76.